IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NEW YORK LIFE INSURANCE
COMPANY,

    Intervenor/Plaintiff,

v.                                                    Case No. 22-cv-813 KG/KRS

PAUL M. ARAGON, JOSEPH E.
FITZPATRICK, III, and DANIEL
FITZPATRICK,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Daniel Fitzpatrick's Motion to Release Life Insurance Funds, (Doc. 22), filed June 14, 2023. Having considered the life insurance policy and the outcome of Mr. Aragon's state criminal case, the Court enters judgment in favor of Defendants Joseph Fitzpatrick, III and Daniel Fitzpatrick and against Defendant Paul M. Aragon who is not entitled to any portion of the life insurance proceeds.

I.    *Background*

On October 28, 2022, Plaintiff New York Life Insurance Company (NYLI) filed a Complaint in Interpleader concerning the life insurance proceeds of Joseph E. Fitzpatrick. (Doc.1). According to the Complaint, NYLI issued a life insurance policy to Joseph E. Fitzpatrick (Insured) on January 28, 2018. (Doc. 1) at 2. The Insured designated Mr. Aragon as the sole primary beneficiary to the policy death benefit proceeds and did not designate a contingent beneficiary. *Id.* On December 8, 2021, the Insured died by "homicide, negligent manslaughter- other" per the Torrance County Sheriff's Office Incident Report. *Id.* at 3. After

the Insured's death, Joseph Fitzpatrick, the Insured's son, and Mr. Aragon, the Insured's partner, made a claim to the death benefit. *Id.*

Thereafter, Mr. Aragon was criminally charged with murdering the Insured in *State of New Mexico v. Paul Matthew Aragon*, Case No. D-722-CR-202100172. *Id.* Mr. Aragon was charged with murder in the First Degree, felony receipt, and transportation or possession of a firearm or destructive device by certain persons. *Id.* According to the Complaint, if Mr. Aragon is guilty of feloniously or intentionally causing the Insured's death, he would forfeit any right to the death benefit. *Id.* If Mr. Aragon is found to have forfeited his right to the death benefit, there would be no beneficiary of record for the Insured's life insurance coverage. *Id.* at 4. Pursuant to the policy rules, if no beneficiary is designated or no beneficiary is living at the time of the Insured's death, payment will be made at the Company's option to the Insured's Estate or the Insured's surviving relatives.[1] *Id.* Thus, if Mr. Aragon is found to have forfeited his right to the death benefit, the Insured's sons, Joseph Fitzpatrick, III and Daniel Fitzpatrick, would be entitled to the benefit. *Id.*

On May 30, 2023, the Court granted NYLI's Motion to Deposit Funds and Related Relief. (Docs. 14, 19). On June 20, 2023, NYLI deposited $5,122.98 into the Court Registry. This case was stayed on July 18, 2023, pending the outcome of Mr. Aragon's state court criminal case. (Doc. 26). On July 12, 2024, NYLI notified the Court that Mr. Aragon pled guilty to second degree murder. (Doc. 32).

---

[1] According to the policy, "[n]o payment will be made to any person(s) if such person(s) is the principal or an accomplice in willfully bringing about the *insured's* death. Payments will be made in accordance with this section as though that person(s) had died before the *insured*." (Doc. 1-1) at 8.

2

According to the plea agreement, signed May 9, 2024, Mr. Aragon discharged a firearm at Joseph E. Fitzpatrick, without lawful justification or excuse and knew that his actions created a strong probability of death or great bodily harm to the Insured.[2] *State of New Mexico v. Paul Matthew Aragon*, D-722-CR-202100172 (7th Jud. Dist. Ct.) (Plea Agreement May 23, 2024). The plea agreement does not mention anything concerning the death benefit. On May 23, 2024, Mr. Aragon was sentenced, and the Notice of Entry of Judgment and Sentence was filed. *Id.* Now, the Court must determine if Mr. Aragon has forfeited his right to the death benefit which would result in the Insured's sons receiving the benefit.

II.   *Analysis*

  A.  *Death Benefit*

NMSA 1978, Section 45-2-803 (2011) of the New Mexico Uniform Probate Code, also known as the "Slayer Statute" is entitled "Effect of homicide on intestate succession, will, trust, join assets, life insurance and beneficiary designations." It states "[a]n individual who feloniously and intentionally kills the decedent forfeits all benefits…with respect to the decedent's estate, including an intestate share…. If the decedent died intestate, the decedent's intestate estate passes as if the killer disclaimed the killer's intestate share." § 45-2-803(B). "A judgment of conviction establishing criminal accountability for the felonious and intentional killing of the decedent conclusively establishes the convicted individual as the decedent's killer for purposes of this section." NMSA 1978, § 45-2-803(G).

Section 45-2-803 further states "[t]he felonious and intentional killing of the decedent[] revokes any revocable[] disposition or appointment of property made by the decedent to the

---

[2] The Court may take judicial notice of proceedings in other courts, "both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *St. Louis Baptist Temple, Inc v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979).

3

killer in a governing instrument." NMSA 1978, § 45-2-803(C)(1)(a). In that case, "[p]rovisions of a governing instrument executed by a decedent are given effect as if the killer disclaimed all provisions revoked by this section…" NMSA 1978, § 45-2-803(E). Finally, Section 45-2-803 contains a catch-all provision stating "[a]n acquisition of property or interest by a killer not covered by this section shall be treated in accordance with the principle that a killer cannot profit from the killer's wrong." NMSA 1978, § 45-2-803(F).

The Court concludes there has been a "felonious and intentional killing of the decedent" within the meaning of § 45-2-803. *See Hartford Life Accident Ins. Co. v. Sanchez*, 2022 WL 2457464 (D.N.M.) (concluding "[s]econd-degree murder is a felonious and intentional killing under New Mexico law"). Paul M. Aragon pled guilty to the second-degree murder of the decedent, and a judgment of conviction and sentence was entered. Mr. Aragon aimed a gun at the Insured's head and discharged the gun without justification or excuse. On these facts, the Court determines Mr. Aragon acted intentionally when he pointed the gun at the Insured's head, and thereby willfully brought about his death. *See N.Y. Life Ins. Co. v. Torrence*, 592 F.Supp.3d 836, 844 (S.D. 2022) (concluding the killer acted intentionally and thereby willfully caused the decedent's death). Therefore, Mr. Aragon is barred from receiving the death benefit under the policy language and New Mexico's Slayer Statute.

### B. Attorneys' Fees and Costs

In the Complaint, NYLI requested attorneys' fees and costs. (Doc. 1) at 5. At this time, however, NYLI has not filed a motion requesting an exact amount of fees associated with this case. The Tenth Circuit "has recognized the 'common practice' of reimbursing an interpleader plaintiff's litigation costs out of the fund on deposit with the court." *Transamerica Premier Ins. Co. v. Growney*, 1995 WL 675368, at *1 (10th Cir. 1995) (citation omitted). If NYLI seeks fees

and costs, the Court requests it submit an application for such relief within 14 days of the entry of this Memorandum Opinion and Order.

*III.    Conclusion and Order*

For the reasons discussed above, it is hereby ORDERED:

1. Defendant Paul M. Aragon shall take nothing in this action and has no right, title, or interest in the Insured's death benefit.

2. Defendant Joseph E. Fitzpatrick, III and Defendant Daniel Fitzpatrick have the right to the Insured's death benefit, less the attorneys' fees awarded to NYLI.

3. Plaintiff NYLI shall submit an application for attorneys' fees and costs within 14 days of the entry of this Memorandum Opinion and Order, failure to do so will waive any claim to reimbursement.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE